# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>JORGE ABREU<br><br>Defendant(s) | Case No.<br>3:24-mj-1026-LLL |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **January 26, 2024** in the county of **Duval** in the **Middle** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326 | Illegal reentry into the United States following a prior deportation |

This criminal complaint is based on these facts:

SEE AFFIDAVIT

☑ Continued on the attached sheet.

_____
Complainant's signature

Matthew A. Zetts, Jr., BP Agent, USBP
Printed name and title

Sworn to before me and signed in my presence.

Date: January 29, 2024

_____
Judge's signature

City and state: Jacksonville, FL

Laura Lothman Lambert
Printed name and title

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Matthew A. Zetts Jr., being a duly sworn and appointed Border Patrol Agent for the United States Department of Homeland Security, Customs and Border Protection, United States Border Patrol, hereby make the following statement in support of the attached criminal complaint.

1. Your affiant has been a Border Patrol Agent ("BPA") for over fourteen years. Your affiant has training and experience in the enforcement of the immigration and nationality laws of the United States. In addition, your affiant has training and experience in the preparation, presentation, and service of criminal complaints and arrest warrants.

2. The statements contained in this affidavit are based on my personal experience and observations as well as the experiences and observations of fellow Border Patrol Agents as they have described them to me. This affidavit does not contain every fact regarding the investigation, but only sufficient facts to support probable cause for the complaint.

3. On January 26, 2024, your affiant was assigned as a Task Force Officer with Homeland Security Investigations Jacksonville, Florida. At approximately 9:00 a.m., your affiant was tasked with responding to the Baptist Medical Center Beaches to identify a subject. Your affiant was informed by Homeland Security Investigations Special Agent Anthony Algozzini that the United States Coast Guard rescued a subject found in the Mayport jetties in the Atlantic Ocean. The subject was found

wearing a life vest and transported to the Baptist Medical Center Beaches. The subject gave the name of Albert ABREU (DOB: ▮▮▮▮ 1991, COC: Dominican Republic). Your affiant has arrested foreign nationals in the past that were stowaways on cargo ships and jump off the ship when they near Mayport. Your affiant suspected ABREU could have used a similar tactic.

4. At approximately 9:00 a.m., your affiant arrived at the hospital. Your affiant identified himself as a U.S. Border Patrol Agent in both English and Spanish because ABREU appeared to only speak Spanish. Your affiant questioned ABREU about his immigration status. ABREU admitted to being a citizen of Dominican Republic that entered the United States illegally without any immigration documents that would allow him to enter, pass through or remain in the United States. Your affiant advised ABREU that he was under administrative arrest. Your affiant advised ABREU that when he was fit for travel from the hospital, he would be taken to the Jacksonville Border Patrol Station.

5. Your affiant tried to input ABREU's fingerprints into the U.S. Customs & Border Protection e3 Processing Next Gen. Agent Zetts was unable to do this because ABREU's fingerprints were lacerated from the jetties. Your affiant took a picture of ABREU's face and entered it into the U.S. Customs & Border Protection Super Query system. The facial recognition system matched ABREU with a high degree of confidence to ABREU, Jorge (DOB: ▮▮▮▮ 1993, COC: Dominican Republic). Your affiant compared ABREU to photos of his previous encounters with law enforcement and concluded that it was the same subject. The most distinguishing

feature was that ABREU had a scar on his right eyebrow and photos of ABREU, Jorge also had that scar. Your affiant asked ABREU if he had lied about his name and if his real name was ABREU, Jorge. ABREU admitted that he had lied, and his real identity was ABREU, Jorge.

6. Your affiant requested record checks of ABREU, Jorge (DOB: ▆▆▆▆ 1993, COC: Dominican Republic). Border Patrol Agent Travis Hall found that a person with the same name and date of birth has been previously encountered by immigration authorities. The subject with the same name and date of birth had been assigned an Alien Registration number ("A-number"). Additional checks using the A-number confirmed that ABREU, Jorge had been removed from the United States.

7. Additional checks using the A-number confirmed that ABREU, Jorge had been removed from the United States on or about July 16, 2019, and on August 29, 2023. There was no record that ABREU, Jorge had ever applied for or received permission from the Attorney General or the Secretary of Homeland Security for the United States to re-enter the United States since the time of his last deportation or removal.

8. Based upon the foregoing facts, your affiant believes there is probable cause to establish that ABREU, Jorge is a citizen of the Dominican Republic who has been found unlawfully present in the United States without first having obtained the consent of the Attorney General or the Secretary of Homeland Security for the United States to apply for admission to or re-enter the United States after having

been deported or removed from the United States, in violation of Title 8, United States Code, Section 1326.

_____
Matthew A. Zetts, Border Patrol Agent
United States Border Patrol
Jacksonville, Florida

Sworn to before me this 29th day of January 2024

Laura Lothman Lambert
United States Magistrate Judge